UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

BETTY STEINMAN and RICHARD STEINMAN,

          Plaintiffs,

  v.                Civil No.  05-CV-00774
                     (WMS)(HBS)

SPINAL CONCEPTS, INC.

          Defendant.

### DECLARATION IN SUPPORT OF
### PLAINTIFFS' RULE 37 MOTION

  **RYAN K. CUMMINGS**, under penalty of perjury and pursuant to 28 U.S.C. § 1746, declares the following to be true and correct:

  1.  I am associated with Hodgson Russ LLP, attorneys for Betty J. Steinman and Richard Steinman ("Steinman").  I make this declaration in support of the Steinmans' motion to preclude, or establish certain facts as true for the purposes of this case against Spinal Concepts, due to Spinal Concepts' failure to comply with its 30(b)(6) deposition obligations.  The Steinmans also seek reimbursement of their costs and attorneys' fees for attending depositions in Austin, Texas, wherein defendant's witnesses were not prepared to testify regarding any topics on the Steinmans' 30(b)(6) deposition notice.  And finally, the Steinmans seek reimbursement of the costs and fees incurred for this motion.

**Procedural Background**

2. On August 3, 2005, the Steinmans filed suit against Spinal Concepts, Inc. A copy of the complaint is attached as **Exhibit A**.

3. The Steinmans' complaint contains causes of action alleging negligence, gross negligence, strict products liability, breach of warranty, and failure to warn, for the design, manufacture, and sale of the AcuFix cervical plate and screws that were implanted in Betty Steinman on May 3, 2002 and broke less than nine months later while still in her. *See* **Exhibit A**.

4. Spinal Concepts removed the action to this Honorable Court on October 28, 2005.

5. The parties exchanged their mandatory Rule 26 disclosures and commenced settlement discussions shortly thereafter.

6. When the settlement discussions broke down, the parties engaged in full-blown discovery.

7. As part of that discovery, on November 22, 2006, the Steinmans issued a 30(b)(6) deposition notice to Spinal Concepts. A copy of the notice is attached as **Exhibit B**. Plaintiffs have not issued any other deposition notices in this case.

8. The notice identifies eight topics upon which the Steinmans expected to question Spinal Concepts' 30(b)(6) witness or witnesses. *See id*.

- 3 -

9. Spinal Concepts did not object to the 30(b)(6) deposition notice, or move for a protective order.

10. The parties proceeded with depositions of both Betty Steinman and Richard Steinman, plaintiffs' engineering expert, Ronal Parrington, P.E., and Betty Steinman's orthopedic surgeon, William Capicotto, M.D.

**The First Depositions of Spinal Concepts**

11. The parties then attempted to schedule the depositions of Spinal Concepts' 30(b)(6) witnesses.

12. On June 27, 2007, I hand-delivered a letter to Spinal Concepts' counsel advising of my availability to conduct the depositions of Spinal Concepts' representatives in Austin, Texas. A copy of my June 27, 2007 correspondence is attached as **Exhibit C**.

13. The letter identifies four people plaintiffs' would like to depose and concludes with "I assume that these people will also be designated as Spinal Concepts' 30(b)(6) representatives, but to the extent they are not, then we will need the corporate representative(s) as well." *See id.*

14. Again, Spinal Concepts did not object to the topics identified in the Steinmans' 30(b)(6) notice, or the four people identified in the letter, and it did not seek a protective order.

15. Shortly before the scheduled depositions on July 18 and 19, 2007 in Austin, Texas, Spinal Concepts' counsel advised me that the Engineer for the design of the plate

and screws at issue may not be available for a deposition during those dates due to a possible Food and Drug Administration investigation, but that everyone else would be available. There was no objection or discussion about the topics identified in the Steinmans' 30(b)(6) deposition notice.

16. Upon information and belief, no such FDA inspection took place on July 18 or 19 at Spinal Concepts.

17. On July 17, 2007, I flew down to Austin, Texas to conduct the depositions of Spinal Concepts' witnesses.

18. On July 18 and 19, I conducted the depositions of Michael Carter, Sandra Thompson, and Roger Brown. *See* deposition transcript of Michael Carter, dated July 18, 2007, and attached as **Exhibit D** ("Carter Dep."); deposition transcript of Sandra Thompson, dated July 18, 2007, and attached as **Exhibit E** ("Thompson Dep."), and the deposition transcript of Roger Brown, dated July 19, 2007, and attached as **Exhibit F** ("Brown Dep.").

19. With each witness, I handed them the 30(b)(6) deposition notice, which was marked as Exhibit 17 for those depositions, and asked them which topics they would be addressing.

20. Each witness, or Spinal Concepts' counsel, stated that they would not be addressing any of the topics identified in the notice. *See* Carter Dep., pp. 28-29; Thompson Dep., p. 74; Brown Dep., p. 8.

21. Apparently, counsel had done nothing to prepare the witnesses to discuss the topics identified in the Steinmans' notice.

22. In fact, it appears counsel thought that the topics were document demands. *See* Carter Dep., pp. 28-29.

23. During Michael Carter's deposition, he identified Marc Peterman as the current Spinal Concepts employee with the best knowledge about the design of the AcuFix cervical plate and screws at issue. Carter Dep., p. 29.

24. Not only were the witnesses unprepared for the topics previously identified, but they were not permitted to, or could not, testify regarding events that took place during the relevant time period for this case — Spinal Concepts' activities prior to May 3, 2002 — because they were not at the company during that time period. Carter Dep., p. 16; Thompson Dep., p. 16; Brown Dep., p. 17.

25. As a result, the Steinmans incurred the cost of round-trip airfare for me to travel to Austin, Texas, the cost of a rental car, hotel, meals, parking, and attorney time.

26. Following the depositions, the Steinmans also incurred the costs of obtaining the deposition transcripts for both themselves and Spinal Concepts.

27. These costs were unnecessarily incurred because Spinal Concepts failed to comply with its obligations under Rule 30(b)(6).

**Plaintiff's Good Faith Efforts**

28.     On August 31, 2007, I advised Spinal Concepts of its violation of the Federal Rules and offered a good-faith resolution to the issue.  A copy of my August 31, 2007 correspondence is attached as **Exhibit G.**

29.     Upon receipt of my correspondence, Spinal Concepts' counsel contacted me regarding a potential resolution.  We agreed that Spinal Concepts would produce a new 30(b)(6) witness in Buffalo in September.

30.     We also discussed payment of the costs and fees plaintiffs incurred sending me to Austin, Texas.  Counsel stated that his firm, as opposed to his client, would be paying the fees and costs.

**The Second Deposition of Spinal Concepts**

31.     On September 19, 2007, Spinal Concepts made its new 30(b)(6) witness available for a deposition in Buffalo.

32.     Oddly, it was not Marc Peterman who was produced—the person identified by Michael Carter as the engineer currently with Spinal Concepts who would have the most knowledge about the design of the AcuFix plate and screws—but rather it was James Fried.

33.     During Mr. Fried's deposition, he stated that he was not going to testify regarding topics 4 and 5 in the deposition notice.  Mr. Fried's deposition transcript is not available yet, but will be provided to the Court at a future date if necessary.

34. During the deposition, counsel agreed that topic 4 would be addressed with interrogatories.

35. On September 21, 2007, I wrote to Spinal Concepts' counsel requesting payment of the fees and costs outlined in my August 31, 2007 correspondence. A copy of my letter is attached as **Exhibit H**.

36. On September 24, 2007, Spinal Concepts' counsel responded to my September 21, 2007 letter and stated, contrary to his previous statement, that Spinal Concepts would not be paying for the costs associated with the July depositions in Austin, Texas. A copy of counsel's letter is attached as **Exhibit I**.

37. Accordingly, plaintiffs were left with no option but to make this motion seeking the appropriate remedies.

**WHEREFORE**, plaintiffs respectfully request that Spinal Concepts be ordered to reimburse them for the costs and attorneys' fees associated with the July 17-19 trip to Austin, Texas, the costs and fees associated with this motion, and that Spinal Concepts be precluded from offering any evidence on motion or at trial regarding the topics identified in plaintiffs' 30(b)(6) deposition notice or, in the alternative, designation of the following facts as established for the purposes of this litigation:

1. Spinal Concepts designed and manufactured the AcuFix plate and screws implanted in Betty Steinman on May 3, 2002;

2. Spinal Concepts owed Betty Steinman a duty of care when it designed and manufactured the AcuFix plate and screws implanted in Betty Steinman; and

- 8 -

        3.       Spinal Concepts breached its duty of care when its AcuFix plate and screws fractured less than nine months later, while inside Betty Steinman.

Dated: September 28, 2007

                                      S/ Ryan K. Cummings
                                           Ryan K. Cummings

044700/00000 BFLODOCS 2061902v1