UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

BETTY J. STEINMAN,
RICHARD STEINMAN,

                            Plaintiffs,                    **Hon. Hugh B. Scott**

                                                           05CV774S

                                                           **Report
         v.                                                &
                                                           Recommendation**

SPINAL CONCEPTS, INC.,

                            Defendant.

_____

        Plaintiffs have filed a motion for discovery sanctions (reimbursement for certain costs),

evidence preclusion, or designation of certain facts, and costs under Rule 37 due to non-

disclosure during depositions (Docket No. 34[1]).  Responses to this motion were due on or before

October 18, 2007, and any reply was due on or before October 30, 2007, with argument initially

scheduled for October 31, 2007 (Docket No. 38).  The Court later determined that oral argument

was not necessary and deemed the motion submitted as of October 31, 2007 (Docket No. 41).

_____

        [1]In support of this motion, plaintiffs filed their counsel's declaration, with exhibits,
Docket No. 35, including the Rule 30(b)(6) deposition notice at issue, id., Ex. B; their
memorandum of law, Docket No. 36; their counsel's declaration in further support, Docket
No. 42; and their reply memorandum, Docket No. 43.
        Defendant opposes this motion and filed its attorney's affirmation, with exhibits, Docket
No. 40; and opposing memorandum of law, Docket No. 39.
        Also pending before Judge William Skretny are defendant's motion for summary
judgment, Docket No. 46; defendant's motion in limine, Docket No. 72; see Docket No. 60; and
plaintiffs' motion for summary judgment, Docket No. 64.

This matter has been referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(C), but without authority to hear and report upon dispositive motions (Docket No. 2, Dec. 18, 2005). This Report & Recommendation considers the potentially dispositive portions of the motion that seek evidence preclusion or designation of facts against defendant.  See Ocelot Oil Corp. v. Sparrow Indus., 847 F.2d 1458, 1495 (10th Cir. 1988) (magistrate may grant non-dispositive fee aspect and recommend treatment of dispositive sanction request, citing 7 J. Moore, Moore's Federal Practice ¶ 72.04[2.-4], at 72-52 (1987), now 14 Moore's Federal Practice § 72.07 (2007)); Pauley v. United Operating Co., 606 F. Supp. 520, 522-23 (E.D. Mich. 1985) (no abuse of discretion for magistrate judge to issue report and recommendation where referral order did not include dispositive jurisdiction for discovery sanction).  "Discovery is clearly a pretrial matter, and magistrate judges have general authority to order discovery sanctions, however, a magistrate judge cannot issue sanctions which fall within the eight so-called dispositive motions excepted in Section 636(b)(1)(A)," Burns v. Imagine Films Entertainment, Inc., 164 F.R.D. 594, 600 (W.D.N.Y. 1996) (Foschio, Mag. J.).  For judicial economy, the other relief sought (costs incurred as a result of this deposition and costs for this motion, that could be addressed in a separate Order of this Court) is discussed in this Report.

## BACKGROUND

This removed action is for personal injuries suffered by plaintiff Betty Steinman due to alleged defects in defendant Spinal Concepts'[2] medical product, an AcuFix (or, as called in the Complaint, Accufix) cervical plate and its four screws (see Docket No. 1, Notice of Removal,

---

[2]According to defendant, the corporation's new name is Abbot Spine, Docket No. 40, Def. Atty. Affirm. ¶ 2.

Ex. 1, State Compl. ¶¶ 16, 19-20).  Plaintiffs allege causes of action for negligence, gross

negligence, strict product liability, breach of warranty, and failure to warn (see Docket No. 35,

Pls. Atty. Decl. ¶ 3).  Plaintiffs are citizens of New York and defendant is a Delaware corporation

with its principal place of business in Texas (see Docket No. 1, Notice of Removal ¶¶ 5, 6).

Defendant removed this case on the basis of diversity jurisdiction, 28 U.S.C. §§ 1332, 1441(a)

(removal).

*Present Motion*

Plaintiffs now move for an Order to have defendant reimburse them for the costs and

attorneys' fees for a July 2007 trip to Austin, Texas, to depose defense witnesses purported to be

Rule 30(b)(6) representatives of defendant.  They also seek an Order either precluding defendant

from offering evidence on motion or at trial regarding topics to have been discussed in plaintiffs'

Rule 30(b)(6) deposition or establishing three facts (that defendant designed and manufactured

the AcuFix plate and screws implanted in plaintiff Betty Steinman; that defendant owed a duty of

care in designing and manufacturing the plate and screws; and that defendant breached its duty of

care when the plate and screws fractured nine months after implantation).  They also seek to

recover the costs for this motion.  (Docket No. 34, Pls. Notice of Motion.)

Plaintiffs issued a Rule 30(b)(6) deposition notice to defendant on November 22, 2006

(Docket No. 35, Pls. Atty. Decl. ¶ 7, Ex. B), calling for defendant to produce its representative in

Buffalo at a mutually convenient date to discuss eight topics during the deposition (id. ¶ 8,

Ex. B).  These topics were the design and marketing of the AcuFix plate and screws, defendant's

profits from the product, prior law suits concerning that product, and training for physicians,

sales representatives, and distributors for the product (id. Ex. B).  Defendant did not object to the

scope of the notice or seek a protective Order (id. ¶ 9), nor did defendant state its inability to produce a Rule 30(b)(6) representative knowledgeable of the topics plaintiffs identified for the perceived relevant time period (before May 2002).

Plaintiffs' counsel wrote in June 27, 2007, of his availability on July 16-19, 2007, to depose defendant's Rule 30(b)(6) representatives in Texas (id. ¶ 12, Ex. C).  Plaintiffs' counsel listed four categories of witnesses he wanted to depose: Michael Carter, the lead engineer for design of the plate and screws, members of the marketing team for those products, and the person responsible for complaints about the products.  He assumed that these persons also would be designated as defendant's Rule 30(b)(6) representatives (id. Ex. C).  Carter attested to defendant's Answers to Plaintiffs' Interrogatories (see Docket No. 40, Def. Atty. Affirm. ¶ 6).  Prior to the July 2007 depositions in Austin, Texas, defendant advised plaintiffs that the lead engineer sought in plaintiffs' notice would not be available due to a claimed Food and Drug Administration investigation occurring on the same dates (Docket No. 35, Pls. Atty. Decl. ¶ 15; see id. Ex. C; Docket No. 40, Def. Atty. Affirm. Ex. A (same)).  Plaintiffs believed, however, that no such Food and Drug Administration investigation took place on July 18 or 19, 2007, at defendant's facilities (Docket No. 35, Pls. Atty. Decl. ¶ 16).  Defendant now states that a Food and Drug Administration audit was impending while defense counsel was trying to identify a proper corporate representative prior to the July 2007 depositions (Docket No. 40, Def. Atty. Affirm. ¶ 8).

On July 18 and 19, 2007, plaintiffs' counsel deposed three of the four defense witnesses sought (Docket No. 35, Pls. Atty. Decl. ¶ 17, Exs. D, E, F).  Each of the three witnesses, however, declined to testify as to any of the eight topics listed in the Rule 30(b)(6) notice (id.

4

¶ 20, Ex. D, Carter Dep. at 28-29, Ex. E, Thompson Dep. at 74, Ex. F, Brown Dep. at 8).  It

appeared to plaintiffs' counsel that defense counsel had not prepared his witnesses and

misidentified the list of topics as a document demand (<u>id.</u> ¶¶ 21-22).  These witnesses were not

permitted by defense counsel to testify about defendant's relevant activities prior to May 2002

because these witnesses were not employees of defendant at that time (<u>id.</u> ¶ 24).  One witness,

Michael Carter, identified a knowledgeable defense employee, Marc Peterman (<u>id.</u> ¶ 23; <u>cf.</u>

Docket No. 40, Def. Atty. Affirm. ¶ 8 (Peterman as possible corporate representative, but he

lacked historical knowledge)).

Plaintiffs complain that their counsel incurred travel expenses and his time for these

depositions in Austin (Docket No. 35, Pls. Atty. Decl. ¶ 25).  Their counsel wrote to defense

counsel on August 31, 2007, seeking to recover those costs.  The parties agreed to depose a

Rule 30(b)(6) witness in Buffalo, but defense counsel declined to reimburse plaintiffs for their

Austin expenses.  (<u>Id.</u> ¶¶ 28-30, Ex. G).  On September 19, 2007, defendant produced James

Fried as the Rule 30(b)(6) representative (<u>id.</u> ¶¶ 31-32; <u>see</u> Docket No. 40, Def. Atty. Affirm.,

Ex. A).  Fried stated that he would not testify as to topics 4 and 5 in the Rule 30(b)(6) deposition

notice–defendant's profits from the AcuFix plate and screws and litigation arising from that

product–although counsel later agreed to address topic 4 in interrogatories (Docket No. 35, Pls.

Atty. Decl. ¶¶ 33-34).  Defense counsel's letter of September 24, 2007, stated that there were no

lawsuits prior to May 2002 (<u>id.</u> Ex. I; <u>see also</u> Docket No. 40, Def. Atty. Affirm. Ex. C (same)).

On September 21, 2007, plaintiffs' counsel again wrote to defense counsel requesting

reimbursement of the Austin expenses, which defense counsel rejected on September 24, 2007

(Docket No. 35, Pls. Atty. Decl. ¶¶ 35-36, Exs. H, I; <u>see also</u> Docket No. 40, Def. Atty. Affirm. Ex. C).

*Defendant's Response*

Defendant contends that sanctions are not warranted here because it produced three knowledgeable witnesses in Austin that were <u>not</u> the Rule 30(b)(6) designated representative of defendant.  Later, defendant produced its sole Rule 30(b)(6) representative, James Fried. (Docket No. 39, Def. Memo. at 3, 7.)  Defendant contends that individuals with the corporation in 2002 when the plate and screws were installed in plaintiff Betty Steinman were no longer with the corporation or, like James Fried, served in different positions than were held in 2002 (Docket No. 40, Def. Atty. Affirm. ¶ 5).  In response to plaintiffs' June 27, 2007, letter, defendant produced Michael Carter, Sandra Thompson, and Roger Brown, current corporate officials knowledgeable of quality assurance, complaints, and product research and testing (respectively) and tried to locate employees with pre-May 2002 knowledge in the topics sought by plaintiffs (<u>id.</u> ¶¶ 7,8).  But defendant never indicated that it had a problem locating such persons.  The three Austin witnesses produced were persons identified (either by name or category) by plaintiffs in their counsel's June 27, 2007, letter (Docket No. 39, Def. Memo. at 3).  These witnesses were the highest ranking employees of defendant and testified extensively (<u>id.</u> at 2, 4-6; <u>see also</u> Docket No. 35, Exs. C, D, E).  Defendant contends that these three witnesses were initial fact witnesses and that defendant reserved the right to produce a Rule 30(b)(6) representative at a later date (Docket No. 39, Def. Memo. at 4).

As for producing Fried as the Rule 30(b)(6) representative rather than Peterman (or other persons), defendant argues that Fried had the historic knowledge about the AcuFix plate and

screws, while Peterman had current knowledge about that product and defendant's sales practices (id. at 7-8). Fried, therefore, was a knowledgeable and appropriate Rule 30(b)(6) representative.

Defendant objects to plaintiffs' claim for costs from the Austin deposition, stating that these expenses plaintiffs would have incurred anyway (id. at 9, 16). The three witnesses questioned were knowledgeable and not a "waste of time," providing plaintiffs with product background and other relevant information and the basis for further discovery requests (id. at 9, 10, 17). Plaintiffs do not have a prior Order that defendant violated in not producing Rule 30(b)(6) representatives, and sanctions have been ordered only in cases where Rule 30(b)(6) representatives were not designated upon Court Order, see, e.g., Commodities Futures Trading Comm'n v. Noble Metals Int'l, Inc., 67 F.3d 769 (9th Cir. 1995), cert. denied, 519 U.S. 815 (1996), or the representative willfully failed to answer questions (id. at 11-12). Defendant concludes that plaintiffs' remedy here is to move to compel defendant to designate its Rule 30(b)(6) representative (id. at 12, 14-15), see Sony Elects., Inc. v. Soundview Techs., 217 F.R.D. 104, 105 (D. Conn. 2002), although Fried was later produced as such a representative and two of the topics would be addressed in other discovery devices.

*Plaintiffs' Reply*

In their reply, plaintiffs argue that defendant failed to produce a knowledgeable corporate representative for the Austin depositions, forcing them to incur counsel's expenses to attend these depositions. Plaintiffs tellingly ask why the Rule 30(b)(6) representative ultimately produced in Buffalo months later was not "produced as the [Rule] 30(b)(6) witness in Texas in the first place?" (Docket No. 42, Pls. Atty. Decl. ¶ 61). They cite Rule 37(d) because defendant failed to have appear their Rule 30(b)(6) representative as the authority for mandatory sanctions

7

sought (Docket No. 43, Pls. Memo. at 3-4, 6) and they reject defendant's call for a motion to compel as nonsensical in this context (id. at 5-6).

## DISCUSSION

I.     Standards

Discovery under the Federal Rules is intended to reveal relevant documents and testimony, but this process is supposed to occur with a minimum of judicial intervention. See 8A Charles A. Wright, Arthur R. Miller & Richard L. Marcus, Federal Practice and Procedure § 2288, at 655-65 (Civil 2d ed. 1994). Federal Rule of Civil Procedure 37(a) allows a party to apply to the Court for an order compelling discovery, with that motion including a certification that the movant in good faith conferred or attempted to confer with the party not making the disclosure to secure that disclosure without court intervention. Fed. R. Civ. P. 37(a)(2)(A). Rule 37(d) is applicable when a party fails to attend its own deposition, including failure of a designated Rule 30(b)(6) representative to attend. Imposition of Rule 37(d) sanctions for failure to comply with discovery demands must be weighed in light of the full record. Cine Forty-Second Street Theatre Corp. v. Allied Artists Pictures, 602 F.2d 1063, 1068 (2d Cir. 1979).

Rule 37(d) calls upon the Court to make such orders in regard to disclosure failures as are just. This Court has wide discretion to impose sanctions and determine the type of sanction to be imposed under Rule 37(d). See Reilly v. NatWest Markets Group Inc., 181 F.3d 253, 267 (2d Cir. 1999), cert. denied, 528 U.S. 1119 (2000). The rule lists various sanctions including preclusion or dismissal of claims, Fed. R. Civ. P. 37(d), (b)(2)(A) (facts established), (b)(2)(B) (refusing to allow disobedient party to support claim or defense), (C) (striking pleadings), or (D) (contempt of court for failing to produce witness), as well as payment of opponent's reasonable

expenses, and attorneys' fees.  The dismissal of a defense or preclusion of evidence for failure to respond to a discovery request is a drastic remedy, <u>Burnett v. Venturi</u>, 903 F. Supp. 304, 309 (N.D.N.Y. 1995); <u>see</u> <u>National Hockey League v. Metropolitan Hockey Club</u>, 427 U.S. 639, 643 (1976) (per curiam) (dismissal as severest sanction), the level of sanction is available for flagrant discovery abuses, <u>see</u> <u>Szatanek v. McDonnell Douglas Corp.</u>, 109 F.R.D. 37, 41 (W.D.N.Y. 1985) (Elfvin, J.) (harsh discovery sanction to strike an answer) (<u>see</u> Docket No. 39, Def. Memo. at 17).  Procedurally, under Rule 37(a)(2)(B) and this Court's Local Civil Rule 37, the movant needs to make a statement of good faith efforts made to resolve a discovery dispute before making motions to compel or for discovery sanctions.

Under Rule 37(a)(4), if the motion to compel is granted, the Court

"shall, after affording an opportunity to be heard, require the party or deponent whose conduct necessitated the motion or the party or attorney advising such conduct or both of them to pay to the moving party the reasonable expenses incurred in making the motion, . . ., unless the court finds that the motion was filed without the movant's first making a good faith effort to obtain the discovery or disclosure without court action, or that the opposing party's nondisclosure, response, or objection was substantially justified, or that other circumstances make an award of expenses unjust."

Fed. R. Civ. P. 37(a)(4).

A Rule 30(b)(6) representative testifies on behalf of a corporate party and the corporate party is bound by the answers given by the representative, <u>Twentieth Century Fox Film Corp. v. Marvel Enterp., Inc.</u>, No. 01 Civ. 3016, 2002 U.S. Dist. LEXIS 14682, at *6 (S.D.N.Y. Aug. 8, 2002).

II.     Application

Plaintiffs argue that defendant failed to have Rule 30(b)(6) representatives available to testify, in particular to testify on the eight topics they sought discovery about.  It appeared to them that the representative witnesses produced by defendant were not even prepared for the deposition and were not knowledgeable of pre-May 2002 events within defendant.  They thus seek sanctions, including the severe sanctions of evidence preclusion and designation of facts, and the recovery of costs for the apparently failed depositions and for this motion.

For the Austin depositions, defendant failed to designate a Rule 30(b)(6) representative and instead produced employees who testified, based upon their personal knowledge, but not knowledgeable about corporate practices and policies during the relevant time period.  Each witness conceded that they were not the designated representative and that they did not know about practices before May 2002 (prior to the installation of defendant's products in plaintiff Betty Steinman).  While plaintiffs deposed these witnesses extensively and these witnesses may have been informative, they did not expressly step into the corporate defendant's shoes as would a Rule 30(b)(6) representative so as to make their answers be the defendant's binding answers. Defendant never stated that it could not identify a Rule 30(b)(6) representative on the topics and temporal period sought by plaintiffs, and never gave plaintiffs an option to reschedule the deposition until one was found (such as James Fried) or to continue with these otherwise fact witnesses available in Austin.  Defendant did not move for a protective Order or otherwise object to the Rule 30(b)(6) notice, hence leading plaintiffs to believe that corporate representatives would be produced on July 18, 2007, in Austin.  Rather than completely waste time, plaintiffs counsel proceeded to depose these witnesses to elicit as much information from them as possible.

The failure to produce such a representative (especially when one ultimately became identified and available) **ought to be sanctioned**. The next issue is what relief is appropriate.

A.      Evidence Preclusion and Fact Designation

Preclusion of evidence or designation of facts as a discovery sanction is severe, <u>see</u> <u>Szatanek</u>, <u>supra</u>, 109 F.R.D. at 41, and, depending upon the evidence precluded or the fact invoked, possibly dispositive of defenses (Docket No. 36, Pls. Memo. at 2-3). The factual findings plaintiffs seek designated essentially seek declaratory judgment on the key elements of their negligence and product liability claims. Plaintiffs ultimately were provided defendant's Rule 30(b)(6) representative in the September deposition of James Fried and had defendant address some of the topics for the Rule 30(b)(6) representative by disclosure in other means[3]. Although the Austin witnesses all disclaimed being the Rule 30(b)(6) representative or competent to testify as to the topics sought in plaintiffs' deposition notice, they testified extensively (<u>see</u> Docket No. 35, Exs. D, E, F) and knowledgeably. Defense counsel did not instruct these witnesses not to answer questions. There is not the degree of flagrant discovery abuse that warrants the more severe sanction of either evidence preclusion or designation of facts in plaintiffs' favor. Thus, plaintiffs' motion for this relief should be **denied**.

B.      Costs as Sanction

Plaintiffs also seek to recover $8,586.01 in travel expenses and attorney's fees (27.7 hours at $200 per hour) associated with plaintiffs' depositions in Austin, Texas, in July

---

[3]Plaintiffs will issue a Second Set of Interrogatories that address aspects not discussed in the depositions, in particular answers regarding defendant's profits from the AcuFix device (<u>see</u> Docket No. 40, Def. Atty. Aff. Ex. B; Docket No.35, Pls. Atty. Decl. ¶ 34).

2007 (Docket No. 35, Pls. Atty. Decl. Ex. G[4]).  In particular, these expenses also include

transcripts of the three depositions for plaintiffs and defendant, counsel's travel expenses, and the

costs of the subsequent Rule 30(b)(6) deposition (although not accounted for in this motion)

(id.).  Plaintiffs, in reply, now state that they are not seeking the costs associated with deposing

Rule 30(b)(6) representative James Fried (Docket No. 42, Pls. Atty. Decl. ¶ 63).  Defendant

argues that this amount is excessive and, given that plaintiffs would seek the information

produced by these witnesses anyway, unwarranted (Docket No. 39, Def. Memo. at 16).

Defendant, however, does not identify which particular expenditure was excessive.

Given that defendant failed to produce a Rule 30(b)(6) representative sanctions under

Rule 37(d) are in order, see In re Vitamins Antitrust Litig., 216 F.R.D. 168, 174 (D.D.C. 2003)

(monetary sanctions are mandatory under Rule 37(d) if corporate party fails to produce a

knowledgeable Rule 30(b)(6) representative) (see Docket No. 43, Pls. Memo. at 6 n.13).  On this

aspect of plaintiffs' motion, they are **granted** recovery of discovery costs of **$8,586.01** sought by

plaintiffs.  Defendant has not shown that the amount sought is excessive, only arguing generally

that these expenses would have been incurred because plaintiffs deposed knowledgeable

witnesses.  But these costs are being imposed for defendant's failure to produce a binding Rule

30(b)(6) representative and not due to any "fool's errand" in plaintiffs conducting the Austin

depositions.

---

[4]Plaintiffs appear to represent that defense counsel had agreed to reimburse their
counsel's expenses for conducting the Rule 30(b)(6) depositions in Austin, Texas, and later
reneged (see Docket No. 35, Pls. Atty. Decl. ¶¶ 30, 35-36, Exs. H, I).  Defense counsel denies
that he agreed that his firm (rather than the client) would pick up plaintiffs' Austin expenses.

Since plaintiffs prevail (at least as to one alternative form of relief) on this sanction motion, they **are entitled to recover their costs for this motion**.  They should submit their affidavit of expenses associated with this motion for the Court to determine the appropriate amount to award.

## CONCLUSION

For the reasons stated above, plaintiffs' motion for discovery relief and sanctions, namely evidence preclusion or fact designation (Docket No. 34) should be **denied**.

The monetary sanctions sought by plaintiffs (both their discovery expenses and the costs for this motion) are **denied**.  Plaintiffs shall recover from defendant **$8,586.01** in expenses for the July 18-19, 2007, depositions.  Plaintiffs shall file within fifteen (15) days of entry of this Report & Recommendation an affidavit of the costs for filing their motion.  Defendant has five (5) days from that filing to file any response to that cost application.

Pursuant to 28 U.S.C. § 636(b)(1), it is hereby ordered that this Report & Recommendation be filed with the Clerk of the Court and that the Clerk shall send a copy of the Report & Recommendation to all parties.

**ANY OBJECTIONS to this Report & Recommendation must be filed with the Clerk of this Court within ten (10) days after receipt of a copy of this Report & Recommendation in accordance with 28 U.S.C. § 636(b)(1), Fed. R. Civ. P. 72(b) and W.D.N.Y. Local Civil Rule 72.3(a).**

**FAILURE TO FILE OBJECTIONS TO THIS REPORT & RECOMMENDATION WITHIN THE SPECIFIED TIME OR TO REQUEST AN EXTENSION OF SUCH TIME**

13

**WAIVES THE RIGHT TO APPEAL ANY SUBSEQUENT DISTRICT COURT'S ORDER ADOPTING THE RECOMMENDATIONS CONTAINED HEREIN.**  Thomas v. Arn, 474 U.S. 140 (1985); F.D.I.C. v. Hillcrest Associates, 66 F.3d 566 (2d Cir. 1995); Wesolak v. Canadair Ltd., 838 F.2d 55 (2d Cir. 1988).

The District Court on de novo review will ordinarily refuse to consider arguments, case law and/or evidentiary material which could have been, but was not, presented to the Magistrate Judge in the first instance.  See Patterson-Leitch Co. Inc. v. Massachusetts Municipal Wholesale Electric Co., 840 F.2d 985 (1st Cir. 1988).

Finally, the parties are reminded that, pursuant to W.D.N.Y. Local Civil Rule 72.3(a)(3), "written objections shall specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for such objection and shall be supported by legal authority."  **Failure to comply with the provisions of Rule 72.3(a)(3) may result in the District Court's refusal to consider the objection.**

So Ordered.

/s/ Hugh B. Scott

Hon. Hugh B. Scott
United States Magistrate Judge

Buffalo, New York
November 7, 2007

14