UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

BETTY J. STEINMAN,
RICHARD STEINMAN,

                Plaintiffs,

                                            **Hon. Hugh B. Scott**

                v.                                          05CV774S

                                                                **Order**

SPINAL CONCEPTS, INC.,

                Defendant.

      Before the Court is plaintiffs' discovery sanctions fee application (Docket No. 80). The Report & Recommendation (Docket No. 79[1]) on plaintiffs' motion to compel (Docket No. 34) ordered that defendant pay $8,586.01 in plaintiffs' expenses in attending a July 2007 deposition in Austin, Texas, of ostensibly Rule 30(b)(6) representatives of defendant when, in fact, none of the witnesses were representatives. Since they prevailed on their discovery motion, under Rule 37, plaintiffs were entitled to recover the reasonable costs for making their motion (Docket No. 79, Report & Rec. at 13), and the Court ordered plaintiffs to file an affidavit of those costs and gave defendant the opportunity to respond (id.).

      Plaintiffs filed that affidavit (Docket No. 80) and counsel claimed 17.3 hours working on the motion (reduced to 16 hours), for a total fee of $3,200 (id. Pls. Atty. Aff. ¶¶ 9, 10, 11). Counsel claimed only his time and excluded a partner and a paralegal's time (id. ¶ 5, Ex. A), citing a $200 per hour rate, the standard rate for a sixth-year associate at his firm (id. ¶¶ 6, 7). He

---

[1] Familiarity with which is presumed.

argues that this rate has been upheld by this Court as the reasonable rate for practitioners in this city (id. ¶ 8, citations omitted).

Defendant filed a response to this fee application (Docket No. 83). Defendant contends that plaintiffs' application is "grandiose and excessive, and should be critically examined and pared by the Court," (id. Def. Reply Affirm. ¶ 1). Defendant notes that the moving papers consisted of a brief notice of motion and attorney's declaration, with a fourteen-page memorandum of law, much of it repeating the declaration (id. ¶ 2). Defendant argues that the sixteen or over seventeen hours spent on the moving papers was "excessive and unwarranted" (id. ¶ 4), and, according to its calculation, it should be reduced to nine hours (6.6 hours from 16 hours) reducing plaintiffs' counsel's time in drafting the original and reply papers, for a charge of $1,880 (id. ¶¶ 8, 5-7).

## DISCUSSION

Under Rule 37, the movant is entitled to reasonable costs and attorneys' fees. "If the court determines to award expenses and fees, it is for the court to decide what amount is proper." 8A Charles A. Wright, Arthur R. Miller & Richard L. Marcus, Federal Practice and Procedure § 2288, at 666-67 (Civil 2d ed. 1994); see also Addington v. Mid-American Lines, 77 F.R.D. 750, 751 (W.D. Mo. 1978) (three hours at $50 per hour held excessive where opponent merely failed to make timely response to interrogatories, reducing time to one hour). The rate or amount an attorney bills his or her client (especially where, as here, the client may never be billed due to the fee arrangement counsel has with the client) related to discovery or a motion to compel does not make that rate or time expended reasonable under Rule 37 as reasonable motion expenses.

See <u>Kahn v. General Motors Corp.</u>, No. 88 Civ. 2982, 1993 U.S. Dist. LEXIS 5196, at *4 (S.D.N.Y. Apr. 19, 1993).

Using the lodestar (or the "presumptively reasonable fee, see <u>Arbor Hill Concerned Citizens Neighborhood Ass'n v. County of Albany</u>, 493 F.3d 110, 111(2d Cir. 2007)) method for calculating the reasonable attorney's fee, <u>Johnson v. the Bon-Ton Stores</u>, No. 05CV170, Docket No. 39, 2006 U.S. Dist. LEXIS 20019, at *8 (W.D.N.Y. Apr. 17, 2006) (Scott, Mag. J.); <u>Monahan v. SZS 33 Assocs., L.P.</u>, 154 F.R.D. 78, 83 (S.D.N.Y. 1994) (applying lodestar method to determining attorney's fee for Rule 37(a)(4)(A) relief); <u>New York State NOW v. Cuomo</u>, No. 93 Civ. 7146, 1996 U.S. Dist. LEXIS 17578, at *4 (S.D.N.Y. Nov. 26, 1996) (Francis, Mag. J.) (same); see <u>Hensley v. Eckerhart</u>, 461 U.S. 424, 429-30, 430 n.3 (1983) (applying for fees under 42 U.S.C. § 1988), the components for determining the reasonable attorneys' fee portion of these motion expenses are the moving attorney's time spent on the motion and the reasonable billing rate for that attorney. The last component for determining the reasonable motion expenses are the other motion expenses incurred. In calculating the "presumptively reasonable fee" this Court "should generally use the prevailing hourly rate in the district where it sits to calculate what has been called the 'lodestar,'" <u>Arbor Hill</u>, <u>supra</u>, 493 F.3d at 111.

Defendant does not object to the rate sought by plaintiffs (<u>but cf.</u> Docket No. 83, Def. Reply Affirm. ¶ 9, not raising possible objections that work could have been performed by less senior associate or legal assistant) and plaintiffs are not seeking to recover additional motion expenses aside from their attorneys' fees. Thus, the issue is the amount of time expended by plaintiffs' counsel in drafting the moving papers.

The Court has reviewed plaintiffs' submission with care and agrees with defendant that the time claimed expended is excessive for this motion. The motion to compel here was relatively straight forward. The factual aspects chronicled plaintiffs' attempt to depose a Rule 30(b)(6) representative to no avail in Texas. Much of the exhibits and declaration recounts how the witnesses produced by defendants were not deemed the corporate party's representatives and their relative lack of knowledge of company practices at the relevant time period. The moving papers do not reflect 16 hours of work. Thus, the Court accepts defendant's reductions from plaintiffs' claimed time to nine hours (or a fee of $1,880.00).

One final issue, not addressed by either party, is whether this sanction should come from defendant, from its counsel or from both. Under the Federal Rules, the attorney may also be held responsible even if he is not a litigant in the action for the manner in which discovery is conducted. Fed. R. Civ. P. 37(a)(4)(A). Attribution of the sanction was not raised by plaintiffs, although initial motion made reference to defense counsel at first agreeing to reimburse their expenses for the Austin trip and then stating that the client was not willing to pay that expenses (see Docket No. 79, Report & Rec. at 12 n. 4; Docket No. 35, Pls. Atty. Decl. ¶¶ 30, 35-36, Exs. H, I). There is no clear attribution between client or counsel for the failure to produce a Rule 30(b)(6) representative. Thus, defendant will be held responsible for the sanction.

CONCLUSION

For the reasons stated above, plaintiffs' application for discovery sanction fees (Docket No. 80) is **granted in part**; plaintiffs shall recover from defendant **$1,880.00**. The Court finds that this amount is a reasonable amount for motion expenses.

So Ordered.

*/s/ Hugh B. Scott*
Honorable Hugh B. Scott
United States Magistrate Judge

Dated: Buffalo, New York
November 21, 2007